# In the United States Court of Federal Claims

No. 22-491C

(Filed: December 8, 2022)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BYRON T. BROWN, | Motion to dismiss for lack of jurisdiction and failure to state a claim; money-mandating statute and regulation; statutory appointment; moving expense reimbursement; broker fee. |
| *Plaintiff,* | |
| v. | |
| THE UNITED STATES, | |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Byron T. Brown*, Honolulu, Hawaii, *pro se*.

*Michael D. Austin*, Trial Attorney, United States Department of Justice, Commercial Litigation Branch, Washington, DC, with whom were *Brian M. Boyton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Assistant Director, *Eric P. Bruskin*, Assistant Director, for defendant. *Michael Deeds*, United States Army, of counsel.

ORDER

Byron Brown, appearing *pro se*, filed his complaint in this court on June 1, 2022, after his suit was transferred from the United States District Court for the District of Hawaii. Plaintiff alleges that the Defense Finance and Accounting Service ("DFAS") wrongfully withheld promised compensation for plaintiff's move to a new duty station. In 2019, plaintiff was permanently relocated by the government from his old duty station in Atlanta, GA to a new location in Hawaii. At the behest of his employer, the Department of Defense ("DOD"), this move occurred in less than four weeks, leaving plaintiff little time to sell his old home in Atlanta.

Plaintiff alleges that DOD promised to reimburse him for certain moving expenses, real estate fees, and pet transportation costs to help ameliorate the financial burden of this hasty transition, but then failed to pay

1

the real estate fees and pet expenses.[1] Pre-approval for reimbursement was recorded in two documents, DD form 1716 and DD Form 1614, which were signed by agency personnel on January 6, 2020.

Given the short time line for his move, plaintiff chose not to retain a real estate agent and instead contacted the "Opendoor" real estate company to sell his house. Opendoor then purchased Mr. Brown's house, with an eye to re-selling it, and charged him a $19,157 fee. Plaintiff pre-approved this fee with the United States Army Pacific headquarters ("HQ USARPAC"), but DFAS later denied plaintiff's request for housing and pet transportation cost reimbursement after the move.

Plaintiff now brings three claims against the government. First, plaintiff contends that defendant's knowledge and prior intent to deny the expenses constitutes abuse of plaintiff's right to "due process and the opportunity to mitigate real estate expenses or decline the employment offer." Comp. 2. Second, plaintiff alleges an express or implied contract which defendant breached when it failed to pay Brown's moving expenses. Lastly, Mr. Brown argues that the government's refusal to pay his moving expenses is a violation of 5 U.S.C. §5724(d)(1) and its implementing regulations.[2] Plaintiff requests as damages his denied real estate costs of $19,082, reimbursement for time spent pursuing his claim in the amount of $56,785.56, a travel pet quarantine fee of $57.55, and "a 5% continually compounding interest paid until full." *Id*. at 3.

Defendant moves for dismissal of all of plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). The motion is fully briefed. Oral argument is unnecessary. This court does have jurisdiction to hear plaintiff's suit, and, while some of the counts in the complaint need to be dismissed, plaintiff has stated a claim upon which relief can be granted.

Under RCFC 12(b)(1), "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (1995)).

---

[1] These facts are drawn from the complaint and the attachments thereto.

[2] Although not specifically pled as such, we read Mr. Brown's complaint as alleging a violation of a money-mandating statute and regulation. We note that Mr. Brown did cite a subsection of the relevant regulation, 41 C.F.R. § 302-11.200, in his complaint.

2

However, "The leniency afforded to a pro se litigant . . . does not relieve the burden to meet jurisdictional requirements." *Olajide v. United States*, 124 Fed. Cl. 196, 201 (2015). Under RCFC 12(b)(6), the court must "determine whether plaintiffs have stated claims upon which relief can be granted." A mere "formulaic recitation of the elements of a cause of action" is insufficient to survive a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Rather, "the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Tucker Act jurisdiction in this court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1) (2018). The Supreme Court in *United States v. Testan* stated that the Tucker Act "does not create any substantive right enforceable against the United States for money damages." 424 U.S. 392, 398 (1976). Hence, in order to bring a suit in this court, a plaintiff has to assert a substantive right found in the Constitution, in an act of Congress, or in any regulation of an executive department. *See United States v. Mitchell,* 463 U.S. 206 (1983). Only a provision of the Constitution, statute, or regulation that can "fairly be interpreted as mandating compensation by the Federal Government for the damage sustained" provides a substantive right actionable in this court. *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 372 F.2d 1002 (Ct. Cl. 1967)).

In its motion to dismiss, defendant separately argues and addresses each of plaintiff's claims. First, defendant argues that Mr. Brown has failed to demonstrate this court's jurisdiction over plaintiff's due process claims "because those provisions standing alone cannot be interpreted to require the payment of money for [their] alleged violation." Mot. to dismiss 6 (citing *Khan v. United States*, 201 F.3d 1375, 1377-78 (Fed. Cir. 2000)). We agree. The Due Process clauses of the Fifth and Fourteenth Amendments are not money mandating; we therefore dismiss plaintiff's due process claim for lack of jurisdiction. *LeBlanc v. United States*, 50 F.3d 1025. 1028 (Fed. Cir. 1995).

Defendant's second point is that this "court does not possess jurisdiction to entertain Mr. Brown's contract claims because the relationship between the parties is statutory, not contractual." Mot. to Dismiss 6. Put another way, because plaintiff is an employee under a statutory scheme, not

3

a contractual relationship, Mr. Brown has not alleged a valid contract claim against the United States.[3] We agree. It is well established that "federal workers serve by appointment . . . their entitlement to pay and benefits must be determined by reference to the statutes and regulations governing [compensation], rather than to ordinary contract principles." *Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cl. 2004) (quoting *Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983) (alteration in original)). It follows from this that the additional benefits, such as moving expense reimbursement, are similarly creatures of statute, not contract. Thus, the reimbursement forms (DD form 1716 and DD Form 1614), relied upon by plaintiff, do not alter the nature of the relationship or create a separate cause of action. The benefits sought by Mr. Brown are, like his employment, the subject of a statute, not a contract. Therefore, we dismiss plaintiff's contract claim for lack of jurisdiction.

The lack of a valid contract claim, however, does not preclude jurisdiction in this court. In his reply brief, Mr. Brown cites to § 5724(d)(1), which states that: "an agency <u>shall</u> pay to or on behalf of an employee who transfers [duty stations] in the interest of the Government, expenses of the sale of the residence . . . of the employee at the old official station." 5 U.S.C.S. § 5724(d)(1) (2018) (emphasis added). The corresponding regulation, 41 CFR § 302-11.200, states that "your agency <u>will</u> . . . reimburse you for the following residence transaction expenses when they are incurred by you incident to your relocation: (a) your broker's fee or real estate commission that you pay in the sale of your residence at the last official station, not to exceed the rates that are generally charged in the locality of your old official station." 41 C.F.R. § 302-11.200(a) (2022) (emphasis added). Both the statute and its implementing regulation provide a mandate for the government to pay employees certain moving expenses. Plaintiff was such an employee. These provisions are money mandating and therefore give this court jurisdiction under the Tucker Act. *McClary v. United States*, 775 F.2d 280, 283 (Fed. Cir. 1985). The question remains, however, whether the fee claimed here can be reimbursed.

Plaintiff has also established jurisdiction over his claim for pet quarantine compensation. Specifically, Mr. Brown cites to Department of Defense's Joint Travel Regulation (JTR) 054103, which states that "cat and dog transportation and quarantine charges . . . may be claimed as a MEA (Miscellaneous Expense Allowance)." Because the JTR is a money-mandating regulation, these pet quarantine expenses also fall under the scope

---

[3] Plaintiff concedes the new position in Hawaii was an appointment pursuant to statute on page 12 of his response to the motion to dismiss.

4

of the Tucker Act's authority. *Bailey v. United States*, 52 Fed. Cl. 105, 109 (2002). Accordingly, this court does have jurisdiction over plaintiff's suit because a money mandating statute and regulations do apply to both the plaintiff's real estate and pet quarantine claims. Defendant's motion to dismiss plaintiff's statutory violation claims for lack of jurisdiction therefore must be denied.

That leaves defendant's argument that the claim for real estate fees fails to state a claim for which relief can be granted. Defendant argues that 41 CFR § 302-11.200 limits the real estate reimbursement to "broker expenses." Def. Resp. 5. The government contends that Mr. Brown's lack of representation in the Opendoor transaction means that Mr. Brown was not charged a broker fee. Defendant reasons that plaintiff's Opendoor fees are a "service charge" and not "broker expenses" as specified in § 302-11.200 and are thus not reimbursable. Per the government, Opendoor's fee does not trigger the § 5724(d)(1) mandate because "an expense cannot simply be 'comparable' to a reimbursable expense to qualify for reimbursement; the expense itself must be reimbursable." Def.'s Resp. 5. Defendant notes that plaintiff referred to Opendoor's fees as a "comparable . . . service charge" in his response to the motion to dismiss and contends this is an admission by plaintiff that Opendoor's fee does not qualify as an item meriting compensation under 41 C.F.R. § 302-11.200.

We cannot go so far. Given plaintiff's *pro se* status, we do not construe his reply as conceding that the Opendoor fee was an ineligible service charge. The question of whether the transactional fee qualifies under any of the enumerated expenses in § 302-11.200 or under the catch-all provision of subsection (f) remains open.[4] Nor is the fact that plaintiff was unrepresented in the sale to Opendoor compelling. Sellers frequently pay the commission or brokerage fee in a residential real estate transaction. Mr. Brown was the seller here. Whether the fee charged can be considered Mr. Brown's "broker's fee or real estate commission" under 41 C.F.R. § 302.11.200(a) or otherwise an "expense of sale and purchase made for required services that are customarily paid by the seller of a residence" under §302.11.200(f) is unresolved. Mr. Brown has alleged enough to plausibly suggest that his expense qualifies under one of the provisions cited above.

---

[4] Mr. Brown also attempted to file a sur-reply, which was not docketed by the clerk's office because the court had not asked for a sur-reply. Owing to plaintiff's *pro se* status, we will allow the document to be filed and note from it that that Mr. Brown was not acceding to defendant's position regarding the characterization of the Opendoor fee.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. at 557.  The motion to dismiss must therefore be denied in this regard.[5]  Accordingly, the following is ordered:

1. The clerk's office is directed to accept for filing and to docket the sur-reply from plaintiff received on November 15, 2022.

2. Defendant's motion to dismiss is granted in part and denied in part as outlined above.

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge

---

[5] We also view as unresolved the issue of the pet quarantine fees.